UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONAS PHILLIPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:24 CV 890 JMB |
| | ) |
| CHRIS BREWER and ANDREW BAILEY, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jonas Phillips' Notice of Appeal (Doc. 29), Motion for Extension of Time to File Notice of Appeal (Doc. 37), and Motion to Proceed *in forma pauperis* on Appeal (Doc. 38). The Motion for Extension of Time to File Notice of Appeal is **DENIED** and the Motion to Proceed *in forma pauperis* on Appeal is **DENIED**.

**A.     Notice of Appeal**

On January 21, 2025, judgment was entered on the Petition for a Writ of Habeas Corpus pursuant to a Memorandum and Order entered that same day (Docs. 27 and 28). On March 3, 2025, Petitioner filed a Notice of Appeal (Doc. 29). In response and on March 4, 2025, the Acting Clerk of Court for the Eighth Circuit Court of Appeals informed Petitioner that the Notice of Appeal appears to be untimely, having been filed more than 30 days after entry of judgment or order appealed from (Doc. 31). Petitioner then filed the pending Motion for Extension of Time to File Notice of Appeal on April 9, 2025 (Doc. 37).

Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal must be filed within 30 days after entry of judgment or order appealed from; in this case, February 21, 2025. See Fed.R.App.P 26(a)(1)(A) (stating that when a period of time is stated in days, the "day

of the event that triggers the period" is excluded).  Because Petitioner is incarcerated, he benefits from Rule 4(c)(1) in that his notice of appeal is considered filed on the day that he deposits it for mailing through the prison mailing system, provided that a declaration, signed under penalty of perjury or notarized, accompanies the notice indicating that it was deposited in the prison mailing system with first class postage prepaid.  In particular, Rule 4(c)(1) provides that such a notice of appeal is timely if:

> (A) it is accompanied by:
>
>> (i) a declaration in compliance with 28 U.S.C. § 1746 —or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or
>> (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
>
> (B) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

In his Notice of Appeal, Petitioner provides a certificate of service, indicating that the document was mailed to Respondent on February 21, 2025 (Doc. 29, p. 1).  However, there is no declaration under penalty of perjury in compliance with 28 U.S.C. § 1746 and no notarized statement consistent with Rule 4(c)(1)(A).  Grady v. United States, 269 F.3d 913, 916 (8th Cir. 2001) ("[W]e have closely hewed to the requirement of Rule 4(c) in determining whether a prisoner may benefit from the prison mailbox rule.").  In addition, there is no postmark or date stamp visible on the envelope used to mail the notice of appeal.  Accordingly, Petitioner may not be able to benefit from the prison mailbox rule and his Notice of Appeal does appear to be untimely.  Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) ("The requirements of Rule 4 are mandatory and jurisdictional, and thus we may not lightly overlook a potential timing defect.").

Petitioner's Motion for Extension of Time to File Notice of Appeal is likewise untimely. Rule 4(a)(5) provides that the district court may extend the time for filing a notice of appeal if a

motion is made "no later than 30 days after the time prescribed by this Rule 4(a) expires" and there is a showing of excusable neglect or good cause.  As noted above, the notice of appeal was due on February 21, 2025 and Petitioner filed his motion for extension of time on April 9, 2025, 16 days late.  And, even though Petitioner also benefits from the prison mailbox rule for this motion, having substantially filed the necessary declaration, it is still untimely because Petitioner deposited the motion in the prison mail system on March 26, 2025, 2 days late.  As such, this Court can only find that Petitioner's Notice of Appeal and Motion for Extension of time are untimely.

Petitioner may, however, file a motion pursuant to Rule 4(c)(1)(B) with the Court of Appeals to "permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)."

**B.   Motion to Proceed *in forma pauperis* on Appeal**

Federal Rule of Appellate Procedure 24(a)(1) provides that a petitioner, who has not been granted permission to proceed *in forma pauperis* in the district court, must file an affidavit which shows "the party's inability to pay," which "claims an entitlement to redress," and which "states the issues that the party intends to present on appeal."  Petitioner's motion, while providing an affidavit of his assets and expenses, does not claim an entitlement to redress nor does it contain the issues he intends to raise on appeal.  In addition, 28 U.S.C. § 1915(a)(2) provides that a prisoner who seeks to appeal *in forma pauperis*, must provide a certified copy of his trust fund account statement.  No such certified copy has been provided.  See e.g., Yates v. Baldwin, 633 F.3d 669 (8th Cir. 2011) (per curiam); Henderson v. Norris, 129 F.3d 481, 484-485 (8th Cir. 1997) (per curiam).

Attached to Petitioner's Notice of Appeal is an "Application for Certificate of Appealability" in which Petitioner sets forth the issues that he believes should be reviewed on

appeal (Doc. 29). Petitioner argues that this Court erred in both characterizing his arguments and the evidence used to support those argument and in reaching legal conclusions about the arguments made. This Court has considered this document and the arguments made therein but nonetheless finds an appeal would not be in good faith as the claims made are frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous.").

Petitioner essentially re-argues all of his grounds for relief and offers his interpretation of the record in support of his claims – these are the types of "fanciful factual allegations" and "inarguable legal conclusions" that are frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (1989). As set forth in this Court's Memorandum and Order, Petitioner failed to establish that the state court's determinations were either an unreasonable application of federal law or that they unreasonably determined the facts in light of the evidence. Instead, Petitioner has only argued that his version of the facts should have created a different result as to his proffered jury instructions and his trial counsel's effectiveness. Coppedge, 369 U.S. at 444 (finding that an appellant's "good faith from his subjective point of view" is insufficient to demonstrate non-frivolousness which must be instead based on objective good faith). Such arguments do not entitle him to the extraordinary remedy of a writ of habeas corpus.

**C.     Conclusion**

For the reasons set forth above, Petitioner's Motion for Extension of Time (Doc. 37) and Motion to Proceed *in forma pauperis* on Appeal (Doc. 38) are **DENIED**.

                                            */s/ John M. Bodenhausen*
                                            JOHN M. BODENHAUSEN
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of April, 2025